SCHOOL DISTRICTS — INTEREST RATES ON LEASE — RENTAL AGREEMENTS Under the applicable provisions of 70 O.S. 5-117 [70-5-117] (1975), the maximum rate of interest which may be charged in connection with lease-rental agreements entered into by the board of education of a school district is, any rate of interest not to exceed ten per cent (10%) per annum. However, as to those lease-rental agreements and contracts wherein no express provision is made fixing interest rate agreed upon, the applicable rate of interest is, pursuant to 15 O.S. 266 [15-266] (1971), six per cent (6%) per annum. In light of the conclusion herein made, 6 Okl.Op.A.G. 113 (Opinion No. 73-177), is modified to the extent to which it is inconsistent with this opinion. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a rate of interest in excess of six percent (6%) per annum be charged on a lease-rental contract on school buses to be paid by a school board or board of education of any school district ? As noted in your request, the submitted question would appear to be answered by a prior opinion issued by this office on May 31, 1973. That opinion, 6 Okl.Op.A.G. 113 (Opinion No. 73-177), held: "A rate of interest in excess of six percent (6%) per annum may not be charged on lease-rental contracts on road machinery or equipment entered into by the counties." You now request consideration by this office of certain statutory amendments, and request that we review our prior opinion and submit an original opinion on your submitted question. Title 62 O.S. 430.1 [62-430.1] (1971) is a general statutory provision authorizing counties, cities, towns and school districts to enter into rental agreements for equipment. In the statute, reference is made to authorized lease-rental agreements, rental rates and purchase prices, and, the interest which may be charged in connection with such transactions. Title 70 O.S. 5-117 [70-5-117] (1975), is the statutory provision which specifically authorizes rental agreements entered into by various boards of education of school districts. This Section provides, in pertinent part, the same language as contained in the general statutory provision, above-cited. 62 O.S. 430.1 [62-430.1] and 70 O.S. 5-117 [70-5-117] provide in part: "The Board of Education of any school district is also hereby authorized to rent, on a monthly basis, equipment and furniture, if such items are necessary for the operation of the school, and to pay the rental charges thereon for usage during any fiscal period, or portion thereof, out of appropriations made and approved for current expense purposes during such fiscal year . . . It is the intent of this paragraph to authorize such Boards of Education to enter into lease-contracts but not to incur any obligation against the school district in excess of the income and revenue provided for such purposes for the fiscal year in which such lease-contract is effectively operative. Provided, that any lease agreement entered into by such boards of education shall state the purchase price of the equipment or furniture so leased and in no event shall the lease be extended so as to cause payment of more than the original purchase price of said equipment or furniture, plus interest not to exceed the legal rate . . ." (Emphasis added) The provisions of Title 62, pertaining to "public finance", and Title 70, as it pertains to the authority of school boards and school districts, does not define what is specifically meant by "interest not to exceed the legal rate" or the "legal rate of interest" per se and, accordingly, for clarification purposes, reference must be made to other relevant and applicable constitutional or statutory provisions pertaining to what constitutes the "legal rate of interest". It may be generally stated that the interest rates which may be legally imposed in retail or individual contractual undertakings are controlled primarily by Article XIV of the Oklahoma Constitution, applicable provisions of the Oklahoma Consumer Credit Code and the general contract-interest provision found at 15 O.S. 266 [15-266] (1971). Based upon a prior opinion from this office, 2 Okl.Op. A.G. 182 (Opinion No. 69-231), consideration of the various provisions of the Oklahoma Consumer Credit Code may be excluded inasmuch as the transaction under consideration herein has been held not to fall within these provisions. Accordingly, questions concerning the legally authorized interest rate which may be charged in a transaction are primarily controlled by an application of Article XIV, Section 2 Oklahoma Constitution, and 15 O.S. 266 [15-266] (1971). Article XIV, Section 2, Oklahoma Constitution, provides: "The Legislature shall have authority to classify loans and lenders, license and regulate lenders, define interest and fix maximum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest, all contracts for a greater rate of interest than ten per cent (10%) per annum shall be deemed usurious; provided, further, that in contracts where no rate of interest is agreed upon, the rate shall not exceed six per cent (6%) per annum." Title 15 O.S. 266 [15-266] (1971), provides: "The legal rate of interest shall be six per cent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be authorized by law, now in effect or hereinafter enacted." From a review of these two provisions, two general conclusions may be made. First, with respect to those transactions falling within these provisions, it is apparent that parties may agree, by contract, to any rate of interest not to exceed ten per cent (10%), the maximum allowed by law. Secondly, in the absence of an express contract provision or agreement to the contrary, or in the absence of a provision generally establishing the interest rate agreed upon, the interest rate applied to such a transaction is six per cent (6%). With respect to your submitted question, the issue remains as to whether the "legal rate of interest" referred to in 70 O.S. 5-117 [70-5-117], as well as the reference appearing in 62 O.S. 430.1 [62-430.1], refers to the statutorily imposed six per cent (6%) interest rate referred to in 15 O.S. 266 [15-266], above-quoted, or, in the alternative, if this phrase refers to the maximum rate of interest which may be legally agreed upon by contract and agreement between the parties, that being any rate of interest not to exceed ten per cent (10%). With regard to this remaining issue, it would appear that the "legal rate of interest", referred to in 70 O.S. 5-117 [70-5-117], and 62 O.S. 430.1 [62-430.1], does not singularly and exclusively refer to the statutorily imposed six per cent (6%) interest rate, but rather refers to six per cent (6%) interest as to those transactions where no provisions are made relative to an agreed interest rate, and additionally any rate of interest not to exceed ten per cent (10%) as to those transactions wherein provisions by agreement are made with respect to the interest charged. As to this conclusion, it is notable to observe that 62 O.S. 430.1 [62-430.1], as well as 70 O.S. 5-117 [70-5-117], clearly contemplate price negotiation between the respective parties in lease-rental contracts, such ne gotiations being within the limitations provided in these Sections. It is also notable to observe that "the legal rate of interest" referred to in 15 O.S. 266 [15-266], clearly contemplates a statutory imposition of an interest rate (designated to be six per cent) only as to those transactions in which there is an absence of any contract as to the rate of interest. Stated otherwise, the interest provisions referred to in 70 O.S. 5-117 [70-5-117], and 62 O.S. 430.1 [62-430.1], do not appear to limit the interest rate which may be agreed upon to six per cent (6%), but rather only limits the interest rate which may be agreed upon, to any interest rate as may be authorized by law, this being a rate which by agreement, under the provisions of 15 O.S. 266 [15-266], and Article XIV, Section 2, of the Oklahoma Constitution, may not exceed ten per cent (10%). In support of this conclusion, your attention is invited to a limited number of decisions from other jurisdictions defining the phrase "legal rate of interest". In the case of City of Danville v. Chesapeake and O. Ry. Co.,34 F. Supp. 620, 637 (D.C. Va. 1940), it was held: "The legal rate of interest, generally speaking, is a rate fixed by statute which is utilized where interest is determined to be properly payable but where it is not fixed by contract. It is also, unless otherwise specifically provided, the maximum rate which may be contracted for." Also, see Chesapeake and O. Ry. Co. v. Kelly, 36 S.Ct. 630, 241 U.S. 485,60 L.Ed. 1117 (1915), and Gelco Builders and Burjay Construction Corp. v. Simpson Factors Corp.,301 N.Y.S.2d 728, 60 Misc. 2nd 492 (1969). It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under the applicable provisions of 70 O.S. 5-117 [70-5-117] (1975), the maximum rate of interest which may be charged in connection with lease-rental agreements entered into by the board of education of a school district is, any rate of interest not to exceed ten per cent (10%) per annum. However, as to those lease-rental agreements and contracts wherein no express provision is made fixing interest rate agreed upon, the applicable rate of interest is, pursuant to 15 O.S. 266 [15-266] (1971), six per cent (6%) per annum. In light of the conclusion herein made, 6 Okl.Op.A.G. 113 (Opinion No. 73-177), is modified to the extent to which it is inconsistent with this opinion. (R. THOMAS LAY) (ksg)